STATE of Missouri, Respondent,

v.

Tom REILEY, Appellant.

No. 56314.

Supreme Court of Missouri,
Division No. 1.

Jan. 10, 1972.

Motion for Rehearing or to Transfer to Court
En Banc Denied Feb. 22, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for the respondent.

Lloyd S. Hellman, Kansas City, for appellant.

HIGGINS, Commissioner.

Tom Reiley, charged with sale of a narcotic drug, Cannabis Sativa, for the price of $40, was convicted of possession of said drug. The jury was unable to agree on defendant's punishment; the court duly assessed his punishment at three years' imprisonment and rendered judgment and sentence accordingly. §§ 195.010, 195.020, and 195.200, RSMo 1969; Criminal Rule 27.03, V.A.M.R.

According to the statements of fact submitted by both appellant and respondent, and supported by the transcript, the state adduced evidence to show that defendant, a college student, possessed a narcotic drug which he offered for sale and sold to two police officers whom he mistook for college students. The drug was represented to be hashish of excellent quality, opium treated, and a good buy at $8 per gram. The officers purchased five grams for $40. Analysis showed the purchased material to be hashish, opium test negative. Hashish is known as the resin extract of Cannabis Sativa.

The jury was instructed on sale of a narcotic drug, the lesser offense of possession of a narcotic drug, and the defense of entrapment; conviction was for possession.

This appeal is devoted wholly to constitutional grounds, to wit: that those sections of the Narcotic Drug Act, Chapter 195, RSMo 1969, under which he was convicted, are unconstitutional, void, and unenforceable as they relate to marijuana in that they extract and permit the infliction

of cruel and unusual punishment and deny and deprive defendant of equal protection of law. Appellant contends also that the sentence was excessive and an abuse of the court's discretion.

The amended information upon which this case was tried was filed October 16, 1970; trial commenced October 19, 1970; and the verdict was returned October 20, 1970. This appeal, duly taken, was briefed by appellant May 28, 1971, and by respondent August 13, 1971; and was docketed, argued and submitted on September 27, 1971. On August 31, 1971, prior to the submission, appellant filed "Alternative Motion For Reduction of Sentence" based upon an amendment of Chapter 195 by House Bill 69, enacted by the 76th General Assembly (signed by the governor July 31, 1971), effective September 28, 1971. He contended that according to the new statute, (1) his conviction should be reduced to a misdemeanor by this court, and (2) his punishment should be reduced proportionately by this court; or in the alternative that the cause be remanded to the circuit court for further consideration of the conviction and assessment of punishment under the recently enacted statute. On September 13, 1971, appellant's said motion was ordered taken with the case and is now for disposition, which, as will be seen, may obviate this appeal in its present posture.

Section 195.200, RSMo 1969, authorized the court to assess punishment in defendant's case up to twenty years' imprisonment, or by jail sentence of not less than six months nor more than one year.

House Bill 69, in what is now Section 195.200, subd. 1(1) (a), provided that for the "first offense of possession of * * * five grams or less of hashish, such person shall be confined in the county jail for a term of not more than one year, or be fined not more than one thousand dollars, or be punished by both such confinement and fine."

Section 1.160, V.A.M.S., with respect to effect of repeal of a penal statute, provides: "No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment * * * except * * * (2) that *if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law*." (Our emphasis.)

There can be no question that the penalty section of the statute under which defendant was prosecuted has been "reduced or lessened"; and that the reduction or lessening has occurred by alteration of the statute creating the offense for which defendant was prosecuted. And defendant's case was still "pending" at the time such reduction became effective (and is still pending) because a final determination has not yet been made. See State ex rel. Berbiglia, Inc. v. Randall, Mo., 423 S.W.2d 765, 768 [3], that "a judgment or decree final for the purposes of appeal is most certainly not final in the sense that it is conclusive on the parties until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined"; and State v. Huhn, 346 Mo. 695, 142 S.W.2d 1064, 1067 [1], that a suit is "pending" from the time it is instituted until its disposition is final.

Accordingly, and since this court has no jurisdiction for assessment of punishment, the alternative prayer of appellant's motion is sustained and this cause is remanded for assessment of punishment and rendition of judgment consistent with Chapter 195 as now enacted by H.B. 69, and for further proceedings consistent with this opinion and order.

HOUSER and WELBORN, CC., concur.

**PER CURIAM:**

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.