**Joseph J. RITTER, Plaintiff-Respondent,**

v.

**James E. SCHAFFNER, Director, Department of Revenue, Defendant-Appellant.**

**No. 35083.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 20, 1973.

Motion for Rehearing or Transfer or Remand
for Additional Evidence Denied
Jan. 11, 1974.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, Robert E. Ritter, Asst. Pros. Atty., Clayton, for defendant-appellant.

Shaw & Howlett, Keith W. Hazelwood, Clayton, for plaintiff-respondent.

DOWD, Chief Judge.

A driver's license suspension case.

This is an appeal from a judgment of the Circuit Court of St. Louis County granting plaintiff's petition for review, reinstating the point total on his driver's license at two as of October 10, 1972, and setting aside his suspension notice. The sole point presented to this court for review is whether the amended portion of Section 302.304, RSMo 1969, V.A.M.S., is applicable to plaintiff even though it became effective subsequent to the suspension of his driving privileges and subsequent to the reinstatement of his driving privileges.

On May 20, 1969, plaintiff's driving privileges were suspended and on July 17, 1972, they were reinstated with point accumulation reduced to six as of that date pursuant to Section 302.304(4), RSMo 1969, V.A.M.S. On November 3, 1972, plaintiff was notified by the defendant that his license would be suspended for sixty days commencing November 15, 1972. This action followed the assessment on October 10, 1972, of two points [1] which when added to the six points assessed at reinstatement totalled eight points, necessitating suspension pursuant to Section 302.-304(2), RSMo 1969, V.A.M.S.

On November 20, 1972, plaintiff filed a petition for review or, in the alternative, for limited driving privileges. Plaintiff alleged that his driving privileges should have been reinstated with point accumulation reduced to zero pursuant to the revised Section 302.304(5), (enacted in 1972; *effective August 13, 1972*). The revision provides that the points of any member of the Armed Forces serving outside the limits of the United States during a period of suspension shall be reduced to zero upon the date of reinstatement. Plaintiff's honorable discharge record showed that he had served outside the limits of the United States during the suspension period.

On December 6, 1972, a hearing was held, and on December 6, 1972, the Circuit Court ordered the suspension set aside and the accumulated point total reduced to two as of October 10, 1972. From this order, defendant has appealed.

The sole issue raised in this appeal is whether the former Section 302.304 or the revised Section 302.304(5) should be applied. There is no question that Section 302.304 was revised effective August 13, 1972 subsequent to plaintiff's first suspension and subsequent to the reinstatement on July 17, 1972. However, the trial court obviously found, and plaintiff argues here that Section 1.160, RSMo 1969, V.A.M.S., necessitates the application of the amended statute.

■ Generally, statutes operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication. State ex rel. Clay Equipment Corp. v. Jensen, 363 S.W.2d 666, 670 (Mo. banc 1963). However, plaintiff argues that amended Section 302.304(5) V.A.M.S. 1972, lessens the penalty and therefore should be applied pursuant to Section 1.-160, RSMo 1969, V.A.M.S., which provides:

"No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment * * * except * * * (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law."

---

1. This was the result of a moving traffic violation by plaintiff.

■ There can be no doubt that Section 302.304(5) constitutes a reduction in penalty by alteration of the law creating the offense. It is obvious, however, that plaintiff is not entitled to have his points reduced to zero based on this amendatory law. This subsection only authorizes reductions in points "upon the date of the reinstatement". Plaintiff's reinstatement occurred on July 17, 1972 prior to the effective date of Section 302.304(5). Clearly no authority to reduce plaintiff's points to zero existed on July 17, 1972.

■ Plaintiff's contention that Section 1.160 required a reduction to zero at the time he received the two additional points is erroneous. Section 1.160 provides that penalties should be *assessed* according to amendatory law. Even if we construe as a penalty the retention on plaintiff's record of six points when his license was reinstated on July 17, Section 1.160 requires only that such penalty be assessed according to the amendatory law *then in effect,* i. e., Section 302.304(4), RSMo 1969, V.A.M.S. This is precisely what occurred.

Plaintiff's reliance on State v. Reiley, 476 S.W.2d 473 (Mo.1972), is of no avail. In Reiley there was an appeal pending when the reduction of penalty became effective. That case provides that when an amendatory reduction of a penalty or punishment becomes effective prior to the final determination of a case, the penalty provided by the amendment must be assessed by mandate of Section 1.160. Such is not the case here. The reinstatement occurred on July 17, 1972 and constituted a final determination. The assessment of two points on October 10, 1972 could not, in any way, affect the finality of that reinstatement so as to require application of Section 302.304(5).

Accordingly, the judgment is reversed and the cause remanded with instructions to reinstate defendant's order suspending the driver's license of plaintiff for sixty days.

SIMEONE and WEIER, JJ., concur.