STATE of Missouri, Respondent,

v.

James D. EDWARDS, Appellant.

No. 49935.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 1986.

Motion for Rehearing and/or Transfer
Denied June 4, 1986.

Application to Transfer Denied
July 15, 1986.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction of second degree murder, for which he was sentenced as a prior and persistent

offender to 200 years imprisonment. On appeal, defendant asserts 1) the trial court erred in denying his request for a continuance; 2) the trial court committed plain error in overruling defendant's objection to the State's "death-qualification" of the jury; 3) the trial court erred in coercing the jury to reach a compromise verdict; 4) the trial court erred in denying defendant's offered jury instruction concerning impeachment of a State's witness with a prior inconsistent statement; and 5) the trial court erred in overruling defendant's pro se motion for new trial, because of the State's use of allegedly perjured testimony. We affirm.

Shortly before midnight on February 23, 1981, James McCabe heard four or five gun shots while he watched television. McCabe went outside and saw a man slumped over the steering wheel of a van parked in front of his house. Smoke was coming from the van. McCabe ran to a nearby bar and asked the bartender to call the police. There were four customers in the bar at the time, including defendant. When McCabe asked the bartender to call the police, the three other customers left the bar and ran to the van. Defendant remained in the bar drinking. The three other customers pulled the victim from the van and realized he had been shot. An autopsy revealed victim died of multiple gunshot wounds to the head.

At trial, a Ms. Banks testified defendant told her how the killing took place. Banks was a former roommate of the defendant. Banks testified defendant told her he had shot the victim in the head, causing the victim to push down on the accelerator and make the van engine race. Banks further testified defendant told her he killed the victim because he (the victim) had slapped defendant's sister. Banks notified the police of defendant's identity on December 31, 1981.

Another witness, an inmate housed in the same jail cell as defendant, testified defendant admitted murdering the victim, and described the location of the murder. This witness also testified defendant told him

his sister was "tired of the God damned nigger (victim) f_____ with her."

In his first point relied on, defendant asserts the trial court erred in denying his request for a continuance. Defendant requested a continuance on March 1, 1985 (a Friday) with his trial scheduled to begin on March 4, 1985 (a Monday). The trial court had previously granted defendant a continuance in February, 1985.

■ Defendant recognizes the decision to grant a continuance is within the sound discretion of the trial court. *See State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985). We will not intervene unless the trial court clearly abused its discretion. *State v. Wade*, 666 S.W.2d 869, 871 (Mo.App.1984). Here, counsel had two and one-half months to prepare for trial. *Compare State v. Wade*, supra. We believe defense counsel had an adequate opportunity to prepare for trial, and the trial court properly exercised its discretion in refusing to grant another continuance. This point is denied.

■ In his second point relied on, defendant asserts the trial court committed plain error in allowing the State to "death qualify" the jury panel. During voir dire, the prosecutor questioned potential jurors on their feelings towards the death penalty. The prosecutor subsequently moved to strike seven jurors for cause based on their negative feelings towards the death penalty. The trial court sustained the prosecutor's motion to strike. Defendant maintains this "death qualification" resulted in a conviction-prone jury.

Defendant relies primarily on the recent case of *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985). The Missouri Supreme Court has declined to follow *Grigsby*. *State v. Nave*, 694 S.W.2d at 736 (Mo. banc 1985). We likewise decline to follow *Grigsby*. Defendant's second point is denied.

In his third point relied on, defendant asserts the trial court erred in failing to declare a hung jury and a mistrial after the jury deliberated for nine hours, and by coercing a verdict by giving the "hammer"

instruction. *See* MAI–CR2d 1.10. We disagree.

The defendant's trial ended on Saturday afternoon. At 4:07 p.m., the jury retired to deliberate. At 11:37 p.m., the trial court gave the "hammer" instruction. At 1:10 a.m. Sunday morning, the jury retired to their motel rooms. At 10:00 a.m. Sunday, the jury reconvened for more deliberations. At 12:28 p.m. Sunday afternoon, the jury returned a verdict finding defendant guilty of second degree murder.

■ The trial court has considerable discretion in delivering the "hammer" instruction. *State v. Anderson*, 698 S.W.2d 849, 853 (Mo. banc 1985). The defendant must establish, based on the record of what was said and done at trial, that the jury verdict was coerced. *Id.* In the present case, we do not believe the trial court abused its discretion in delivering the hammer instruction or reconvening the jury on Sunday at 10:00 a.m. The trial court permitted the jury to deliberate on Saturday for seven and one-half hours before giving the hammer instruction. After deliberating approximately one and one-half hours further, the trial court allowed the jurors to return to their motel rooms. They reconvened at 10:00 a.m. the next morning. We do not believe the trial court's actions "coerced" a verdict. Defendant's third point is denied.

■ In his fourth point, defendant asserts the trial court erred in denying a jury instruction concerning an alleged prior inconsistent statement of a witness. Defendant maintains one of the witnesses for the State was impeached by prior deposition answers and MAI–CR2d 3.52 should therefore have been given.

MAI–CR.2d 3.52 is a limiting instruction on the use of prior inconsistent statements. It instructs the jury to consider prior inconsistent statements only as affecting credibility of the witness, not as evidence of matters contained in the statement. The prior statement was favorable to the defendant. Because defendant offered this favorable evidence, we believe he waived any right to a "limiting" instruction. *State v. Nimrod*, 484 S.W.2d 475, 479 (Mo.1972).

■ In addition, we do not believe the witness' prior statement was inconsistent. At trial, the witness testified defendant told him defendant's sister "was tired of that God damned nigger f_____ with her." On cross-examination, this witness recalled the following question and answer from his deposition:

Q: Did he (defendant) tell you his sister didn't like this guy?

A: I don't think he said one way or the other.

We do not believe this statement is necessarily inconsistent with this witness' trial testimony. The witness also stated in his deposition that defendant's sister wanted him to "do it" or "wanted it done." Defendant's fourth point is denied.

■ In his fifth and final point, defendant asserts the trial court erred in overruling defendant's pro se motion for judgment of acquittal or new trial. In this motion, defendant alleged the State introduced false and perjurious testimony, as demonstrated by police records. In essence, defendant maintains false testimony was given with the prosecutor's knowledge.

We believe any inconsistencies between the deposition testimony and trial testimony which defendant complains of are immaterial. The thrust of both the deposition testimony and the trial testimony of these two witnesses was that defendant admitted murdering the victim. In addition, defendant did not present the pre-trial deposition to the trial court for it to consider. The record presented does not show perjured testimony. We cannot go outside the record. *See State v. Terry*, 676 S.W.2d 44, 46 (Mo.App.1984). Defendant's fifth point is denied.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.