Richard HAMIL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40905.

Missouri Court of Appeals,
Western District.

June 27, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1989.

Application to Transfer Denied
Nov. 14, 1989.

S. Richard Beitling, Kansas City, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, J., Presiding,
and LOWENSTEIN and ULRICH, JJ.

ULRICH, Judge.

Richard Hamil appeals the denial, following an evidentiary hearing, of his Rule 27.26[1] motion for post-conviction relief. Mr. Hamil was found guilty of second degree murder (§ 565.004, RSMo 1978)[2] and sentenced to fifty years imprisonment. The conviction was affirmed on appeal. *See State v. Hamil,* 687 S.W.2d 605 (Mo. App.1985). Mr. Hamil contends the court erred in denying his motion for post-conviction relief, averring that the trial court's sentence of fifty years imprisonment ex-

---

**1.** Sentence was pronounced prior to January 1, 1988, and Mr. Hamil's motion under Rule 27.26 was pending on January 1, 1988. Rule 29.15(m) applies and this case is governed by the provisions of Rule 27.26 in effect on June 10, 1985, the date the original post-conviction motion was filed.

**2.** All references to statutes are to the Revised Statutes of Missouri 1978 unless otherwise stated.

ceeded the maximum allowed by statute and that he was denied effective assistance of counsel. Although not presented for review, this court considers whether by application of § 1.160(2) Mr. Hamil's sentence should be reduced as a result of amendatory legislation effective after his conviction and sentencing but before affirmation of his conviction. Affirmed in part and reversed in part.

On November 16, 1983, a jury found Mr. Hamil guilty of second degree murder. § 565.004. On January 5, 1984, he was sentenced to fifty years imprisonment. He filed a timely notice of appeal, and on February 5, 1985, this court filed its opinion affirming the judgment of conviction. At the time of the crime, the conviction, and the sentencing, the range of punishment for second degree murder was governed by § 565.008.2, which stated that "Persons convicted of murder in the second degree shall be punished by imprisonment by the division of corrections for a term of not less than ten years." § 565.008.2 did not explicitly provide a maximum penalty for second degree murder.

Mr. Hamil alleges various instances of ineffective assistance of his trial counsel denied him the right of effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution. To prevail on a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Prejudice is not presumed from a showing of deficient performance of counsel, but must be affirmatively proved. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067–68. The defendant must show that there is a reasonable probability that, but for the errors of counsel, the fact finder would have had a reasonable doubt respecting guilt. *Id.* at 694–95, 104 S.Ct. at 2068–69. If it is simpler to dispose of a claim of ineffectiveness

on the ground of lack of sufficient prejudice, the court should do so. *Id.* at 697, 104 S.Ct. at 2069–70. A court need not determine the performance component before examining for prejudice. *Sanders*, 738 S.W.2d at 857.

■ Mr. Hamil alleges as his first claim of ineffectiveness that his trial counsel adopted "a casual, indifferent, even disdainful, attitude" toward him. Mr. Hamil's brief cites two remarks his trial counsel made at the Rule 27.26 hearing which Mr. Hamil claims reflected a "general lack of zeal or interest" in his defense. Mr. Hamil testified at the Rule 27.26 hearing that his trial counsel had made several other derogatory remarks while preparing his case. Mr. Hamil has failed to provide any substantive evidence, however, how his trial counsel's allegedly antagonistic attitude compromised the preparation or the conducting of his defense and how he was prejudiced thereby. Having failed to prove prejudice, Mr. Hamil has not made a proper showing of ineffectiveness of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

■ Second, Mr. Hamil claims that his trial counsel was ineffective because counsel did not meet with Mr. Hamil "enough times to prepare a defense or defenses." An attorney's competence, however, is not based solely upon the amount of time spent interviewing the client; the movant must show that he was prejudiced by the lack of contact with the attorney. *Tritico v. State*, 767 S.W.2d 563 (Mo.App.1988). In order to show sufficient prejudice to merit post-conviction relief on the basis of ineffective assistance of counsel, a movant must show a reasonable probability that, but for counsel's unprofessional error, the results of the proceedings would have been different. *Mills v. State*, 757 S.W.2d 630, 634 (Mo. App.1988). Mr. Hamil has not made such a showing.

Third, Mr. Hamil claims that his trial counsel was ineffective because he conducted "little or no" pretrial investigation. Mr. Hamil's trial counsel testified at the Rule 27.26 hearing, however, that he pursued

several possible avenues of defense as part of his pretrial preparation, including the filing of a motion to suppress the statement which Mr. Hamil gave to police following the murder, and arranging a psychiatric examination of Mr. Hamil. Mr. Hamil's trial counsel estimated that he met with Mr. Hamil "probably" as many as fifteen times, and that he attempted to talk to all of the witnesses Mr. Hamil suggested, although he could not recall how many witnesses he actually interviewed.

Finding trial counsel's testimony credible, the hearing court found that trial counsel had conducted a substantial amount of pretrial investigation and preparation, including conducting a lengthy preliminary hearing, taking depositions, filing requests for discovery, and filing and arguing a motion to suppress. Deference must be given to the trial court's opportunity to observe the credibility of the witnesses. *Pool v. State*, 670 S.W.2d 210, 211 (Mo. App.1984). Accordingly, Mr. Hamil has failed to meet his burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Warden v. State*, 633 S.W.2d 298, 299 (Mo.App.1982).

Fourth, Mr. Hamil claims that his trial counsel had him testify without knowingly waiving his privilege against self-incrimination. His trial counsel testified at the Rule 27.26 hearing, however, that, prior to Mr. Hamil's taking the stand, he had advised Mr. Hamil of his right not to testify and told Mr. Hamil that he would be subject to cross-examination by the state if he did testify. Mr. Hamil's trial counsel also testified that he believed that a record of Mr. Hamil's waiver had been made at the trial court level.

The hearing court found the testimony of Mr. Hamil's trial counsel to be credible, concluding that Mr. Hamil "testified at his trial after first being fully informed of his right to remain silent by counsel." The credibility of witnesses at a Rule 27.26 hearing is for the trial court's determination. *Pool*, 670 S.W.2d at 211. Deference must be given to its findings. *Id.*

■ Fifth, Mr. Hamil claims that his trial counsel was ineffective because he had Mr. Hamil's wife testify at trial, and her testimony was damaging to him. At the Rule 27.26 hearing, however, Mr. Hamil's trial counsel testified that he called Mr. Hamil's wife as a witness at Mr. Hamil's own request. Again, the trial court accepted counsel's testimony as credible, and deference is given to that determination. *Id.*

Appellate review of a post-conviction action alleging that defense counsel provided ineffective assistance is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Sanders*, 738 S.W.2d at 857 (Mo. banc 1987). The trial court's findings, conclusions of law and judgment denying Mr. Hamil's post-conviction relief motion alleging ineffective assistance of counsel are not clearly erroneous.

■ Although not presented for review, the court cannot ignore § 1.160(2) which requires, under certain situations, that charged and convicted persons benefit from amending legislation reducing penalties for applicable criminal statutes. The issue considered is whether Mr. Hamil should benefit from amendatory legislation redefining second degree murder and making it a class A felony (§ 565.021, RSMo Supp.1984), effective October 1, 1984, subsequent to his conviction and sentencing but prior to affirmance of his conviction by this court. Before October 1, 1984, when sentencing a person convicted of second degree murder (§ 565.004), the sentencing court was not limited to an explicit maximum term of imprisonment (§ 565.008.2). The effect of the 1984 statutory revision making second degree murder a class A felony was to limit the maximum term of imprisonment assessable to thirty years, unless life imprisonment was imposed. (§ 558.011.1(1)).

Section 1.160(2) manifests the legislature's intent that in qualifying cases a convicted defendant should benefit from an amending statute reducing the penalty for the crime for which he was convicted. Section 1.160(2) states "that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Section 1.160(2) is applicable

to cases still pending at the time a reducing statute becomes law. *State v. Reiley*, 476 S.W.2d 473, 474 (Mo.1972); *State v. Hawkins*, 482 S.W.2d 477 (Mo.1972). *See also Ritter v. Schaffner*, 504 S.W.2d 207 (Mo. App.1973). A judgment is not final for purposes of appeal because it is not conclusive on the parties "until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined." *State v. Reiley*, 476 S.W.2d at 474 (quoting *State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765, 768 (Mo. banc 1968)). A suit is pending from the time it is instituted until its disposition is final. *State v. Reiley*, 476 S.W.2d at 474 (citing *State v. Huhn*, 346 Mo. 695, 142 S.W.2d 1064, 1067 (1940)).

The penalty for second degree murder was "reduced or lessened" by § 565.021, RSMo Supp.1984, thereby altering the statute creating the offense (§ 565.004). When the amending legislation became effective on October 1, 1984, Mr. Hamil's case was pending on appeal and the judgment of conviction was not final. Pursuant to § 1.160(2), Mr. Hamil must receive the benefit of the reduction of his fifty year imprisonment sentence to thirty years imprisonment, since life imprisonment was not assessed, the maximum provided for a class A felony as of October 1, 1984, (§ 558.011.1(1)).

Because of the result of the application of § 1.160(2), it is unnecessary to consider Mr. Hamil's first point, whether the court's sentence of fifty years imprisonment exceeded the maximum allowed by statute.

That portion of the judgment denying Mr. Hamil post-conviction relief on allegations of ineffective assistance of counsel is affirmed. That portion of the judgment denying Mr. Hamil's motion to amend his sentence is reversed, and the case is remanded with direction to the court to enter judgment modifying Mr. Hamil's sentence to conform to this opinion.

All concur.