**Anthony SEARCY, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

No. 56846.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1990.

Kathleen Green, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. We reverse and remand for re-sentencing.

On October 21, 1985 movant pled guilty to second degree murder for the shooting death of victim in exchange for the state's reduction of the charge against him from capital murder to second degree murder and recommendation of a 40 year sentence. Movant stated that his counsel had informed him of the range of punishment for both the original charge (capital murder) and the amended charge (second degree murder). He did not disagree with the prosecutor's statement of the state's evidence.

The prosecutor stated the evidence would show victim died from a gunshot wound to his head and movant had made a statement to the police that he and Walter Russell went looking for victim to rob him, that Russell was armed with a gun and movant with a knife, that Russell had diverted victim's attention and shot him, and that Russell was preparing to load the gun and shoot victim again when they heard sirens and fled. The prosecutor also stated the evidence would include lay witness testimony of admissions by defendant of his involvement in the planning and killing of victim.

After questioning movant to establish the voluntariness of the plea, the court accepted it and sentenced movant to 40 years' imprisonment to be served concur-rently with a sentence pending in another cause.

Movant filed a pro se Rule 24.035 motion alleging trial counsel was ineffective on several grounds. Appointed counsel filed an amended motion which, inter alia, added an allegation of trial court error. Counsel also filed a request for an evidentiary hearing. Before evidence was adduced at the hearing, movant's attorney requested and the court granted leave to amend the amended motion by striking the claim of trial court error and the related claim of ineffectiveness of counsel. During the presentation of evidence movant's trial counsel testified that the plea agreement was made after evidence was found that indicated movant was the trigger man in the murder. The motion court entered findings of fact and conclusions of law deleting the claims struck and denying the motion as finally amended.

Movant's principal point is:

The motion court erred in finding [movant's] sentence was imposed in accordance with the law because the sentence is facially invalid. [Movant's] sentence of forty years for second degree murder exceeds the thirty year limit mandated by sections 565.021, R.S.Mo. 1984, and 558.011, R.S.Mo.1979. Section 565.021, which came into effect on October 1, 1984, made the crime of second degree murder a class A felony. Section 558.011 makes class A felonies punishable by ten to thirty years or life imprisonment. [Movant] was sentenced for second degree murder on October 21, 1985. According to section 1.160, R.S.Mo.1978, [movant's] sentence must comply with the law in effect at the time of the sentencing, or section 565.021. Therefore, [movant's] sentence of forty years is clearly invalid.

At the time of the crime, June 14, 1984, second degree murder was punishable by a sentence of not less than ten years' imprisonment, but had no maximum term of years. § 565.008.2, RSMo 1978 (repealed). The original indictment charging movant with capital murder was filed on March 21, 1985. The information amending the

charge, filed October 1, 1985, stated movant was punishable under "§ 565.008.2, RSMo." Section 565.021, RSMo 1986, became effective October 1, 1984 and made second degree murder a class A felony. The punishment for class A felonies has remained at ten years to thirty years imprisonment, or life imprisonment, since the criminal code was adopted effective January 1, 1979. *Compare* § 558.011, RSMo 1978 *and* § 558.011, RSMo 1986. Movant entered his plea of guilty to the amended information on October 21, 1985 and the court pronounced sentence on that date. Section 1.160, RSMo 1986, provides:

> *No offense committed* and no fine, penalty or forfeiture incurred, or prosecution commenced or pending *previous to or at the time when any statutory provision is repealed or amended,* shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, *except* (1) that all such proceedings shall be conducted according to existing laws; and (2) *that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.*

(Emphasis ours). Since the penalty was amended effective October 1, 1984, and no charges were filed until 1985, the simple issue before us is whether movant was entitled to the benefit of the maximum term of years limitation when it became effective after the crime was committed, but before the state brought charges.

The Western District of our court recently held that a defendant sentenced to fifty years' imprisonment for second degree murder was entitled (by § 1.160, RSMo 1986) to the benefit of the amendatory legislation redefining second degree murder and making it a class A felony (§ 565.021, RSMo 1986) punishable by a term of ten to thirty years' imprisonment, or life imprisonment (§ 558.011.1(1), RSMo 1986). *Hamil v. State,* 778 S.W.2d 247 (Mo.App., W.D.

1989). The court remanded the cause for resentencing to give the defendant the benefit of the limitation of thirty years for terms of years of imprisonment. *Id.,* at 250. In *Hamil,* the amendment became effective subsequent to the defendant's conviction and sentencing but prior to affirmance of his conviction on appeal, and the appellate court sua sponte raised the issue.

In light of § 1.160, RSMo 1986, which entitles movant to the benefit of a reduction of sentence, and *Hamil* which lays out the extent of that benefit and shows that the issue can be raised at any time, movant is entitled to a reduction in his sentence from forty years' imprisonment to thirty years' imprisonment.

We have examined movant's other point and find that it is both improperly before us and without merit.

Judgment reversed and cause remanded for resentencing.

GARY M. GAERTNER, P.J., and CRIST, J., concur.