Ray Dean ONKEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42876.

Missouri Court of Appeals, Western District.

Jan. 15, 1991.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, J., Presiding, and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Judge.

The appellant Ray Dean Onken was convicted by a jury of murder in the second degree as defined by § 565.004, RSMo 1978,[1] and was sentenced to 35 years in prison. Onken directly appealed to this court, which upheld the conviction. *State v. Onken,* 701 S.W.2d 518 (Mo.App.1985).[2] Onken then moved for postconviction relief under Rule 29.15. His motion was denied, and this appeal followed.

On appeal Onken argues that the motion court erred in denying his motion for postconviction relief because: (1) he was denied due process rights guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 10 of the Missouri Constitution in that the prosecutor failed to disclose evidence favorable to and tending to exculpate Onken; (2) he was denied the same due process rights in that the Missouri State Highway Patrol crime laboratory failed to include in its report evidence favorable to and tending to exculpate Onken; (3) Onken was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution in that trial counsel failed to request a continuance or mistrial when Grant, the State's witness, revealed at trial the existence of evidence favorable to and tending to exculpate Onken; and (4) Onken received ineffective assistance of counsel in that postconviction counsel failed to comply with the requirements of Rule 29.15 when counsel failed to ascertain from Onken whether he had included all grounds known to him in his *pro se* motion as a basis for attacking his judgment and sentence and for failing to request a continuance or mistrial. Appellant filed a supplemental brief contending that, for his fifth point of error, the motion court committed plain error in denying his 29.15 motion because the denial violated his due process right in that his sentence was in excess of the maximum sentence authorized by law.

---

1. Onken was convicted of killing his girlfriend's 19 month-old daughter. She was found dead in her bed on September 26, 1981, at home where she lived with her mother and Onken. The child was beaten to death so severely that her heart had ruptured and her vagina was torn. Two other men, Brian Stroud and Ricky Sayre, also were present in the home the night of the murder. Blood and hair samples were not taken from them.

2. Onken's initial conviction and 40–year sentence for second degree murder was reversed because the trial judge erred in admitting into evidence the test results of a blood stain found on appellant's shorts. *State v. Onken,* 660 S.W.2d 312 (Mo.App.1983).

On May 25, 1984, a jury found Onken guilty of murder in the second degree pursuant to Section 565.004 RSMo 1978. He was sentenced to 35 years in prison. Onken directly appealed to this court, which upheld the conviction. *State v. Onken*, 701 S.W.2d 518 (Mo.App.1985).

On May 31, 1988, Onken filed a *pro se* motion under Rule 29.15 to vacate, set aside, or correct his conviction and sentence. Appellant later received the assistance of court-appointed counsel, who did not amend the *pro se* motion. The motion alleged only one ground for relief:

> State failed to release all test results of exhibit analysis done at Missouri State Highway Patrol Crime Labor[a]tory that were in possession or control of State. Complete disclouser [sic] of analysis results of exhi[b]its accepted by Court would have changed the investigation, preparation, and strategy of defendant and the outcome of trial.

On June 1, 1989, an evidentiary hearing was held. Onken's postconviction counsel, Harry Porter, tried to orally amend the Rule 29.15 motion by raising points not included in the *pro se* motion. He argued that Onken was unfairly prejudiced at trial because one of the state's witnesses, Thomas Grant, failed to disclose evidence favorable to and tending to exculpate Onken. Specifically, this evidence consisted of the handwritten notes of Grant, the lab technician who performed tests on hair and blood specimens found at the scene. In his handwritten notes, Grant stated that one strand of hair discovered in the victim's bed did not match those of Onken or the mother. The existence of this hair was not reflected in the typewritten report Grant gave to defense counsel.

At trial, Grant testified he had not informed the prosecutor of the notes' existence and did not give them to the prosecutor until the day of the trial. The judge then gave defense counsel an overnight recess to review Grant's notes, an opportunity to examine Grant *in camera*, and the option to recall Grant for further cross-examination.

On November 17, 1989, the trial judge issued findings and conclusions denying Onken's motion. The judge found that, in response to Onken's request for disclosure, the State's inadvertent failure to provide Onken's trial attorney with Grant's handwritten notes did not result in "fundamental unfairness" to Onken.

The standard of review for denial of a Rule 29.15 motion is whether the findings and conclusions of the motion court are clearly erroneous. *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App.1989). These findings are clearly erroneous if, upon the whole record, "an appellate court is left with the definite and firm impression that a mistake has been made." *Id.* Citations omitted.

This court will consider points I and II together. Onken argues his due process rights have been violated because the prosecutor and the lab technician for the Missouri Highway Patrol failed to disclose, prior to trial, evidence favorable to and tending to exculpate Onken.

■ These issues, although included in a motion for new trial, were not argued on direct appeal. *State v. Onken, supra*, 701 S.W.2d at 519–523. "Generally a claim raised on direct appeal is not cognizable in a postconviction motion proceeding." *Wolford v. State*, 785 S.W.2d 580, 583 (Mo.App. 1990) citations omitted. Onken's allegations that the state failed to comply with criminal discovery rules constitute a trial error that must be raised on direct appeal and cannot be litigated for the first time on a postconviction motion. *State v. White*, 790 S.W.2d 467, 474–75 (Mo.App.1990); *Stuckey v. State*, 756 S.W.2d 587, 590 (Mo. App.1988). Onken failed to make these arguments on direct appeal, thus they are improper grounds for appeal from the denial of a postconviction motion.

A convicted felon may seek relief under Rule 29.15(a) if he alleges, *inter alia*, that his conviction violated the U.S. Constitution or the Missouri Constitution and its laws. The movant, however, may not bring trial errors within the purview of a postconviction proceeding merely by alleging as a conclusion that such errors affected his

constitutional rights. *Mallett v. State*, 769 S.W.2d 77, 83 (Mo. banc 1989) *cert. denied,* — U.S. ——, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990); *Stuckey v. State*, 756 S.W.2d at 590. Furthermore, even trial errors affecting constitutional rights cannot be litigated in a postconviction motion except "in rare and exceptional circumstances." *Walls v. State*, 779 S.W.2d 560, 563 (Mo. banc 1989) *cert. denied,* — U.S. ——, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990); *Stuckey v. State*, 756 S.W.2d at 590.

No such rare and exceptional circumstances exist here. Onken argues that his defense strategy would have been different had he known that a hair not belonging to him, the victim, or the victim's mother had been found in the victim's bed. Other evidence adduced at trial, however, arguably tended to exculpate Onken. For example, a damp washcloth found on the victim's bed was stained with blood that was not consistent with Onken, the victim, or the victim's mother. Also, semen stains taken from the mother's bedding were not consistent with Onken's semen. In spite of this exculpatory evidence, Onken argues that his defense strategy would have been different had he known that a hair not belonging to him, the victim, or the victim's mother had been found in the victim's bed. Furthermore, Onken argues that the failure of investigators for the Missouri State Highway Patrol to test blood and hair samples from Stroud and Sayre constitutes bad faith and results in a denial of due process under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963) and *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281, *reh. den.* 488 U.S. 1051, 109 S.Ct. 885, 102 L.Ed.2d 1007 (1989).

The error Onken now complains of was effectively remedied at trial. The prosecution stated it likewise received no knowledge of the handwritten notes until trial. Furthermore, the trial judge allowed defense counsel an overnight recess to examine Grant's handwritten notes, an opportunity to examine Grant *in camera,* and an opportunity to recall Grant for further cross-examination. Points I and II are denied.

In point III, Onken argues that his trial counsel was ineffective because he failed to request a continuance or mistrial when Grant revealed the existence of the handwritten notes. Onken may not transform alleged trial errors into claims of ineffective assistance of counsel in a postconviction proceeding. *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989) *cert. denied,* — U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). Furthermore, Onken failed to raise this point in his Rule 29.15 motion. Claims not presented to the motion court cannot be raised for the first time on appeal. *Grubbs v. State*, 760 S.W.2d 115, 120 (Mo. banc 1988) *cert. denied,* 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989). Onken's point III is denied.

In point IV, Onken argues that his postconviction counsel was ineffective because counsel failed to comply with Rule 29.15 in that counsel did not ascertain from Onken whether he had included all grounds for relief known to him in his *pro se* motion. A postconviction proceeding adjudicates the validity of the conviction and sentence and cannot be used as a conduit to challenge the effectiveness of postconviction counsel. *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989) *cert. denied,* — U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). Onken's point IV is denied.

As his fifth point of error Onken claims the motion court committed plain error in denying his 29.15 motion because the denial violated his due process rights in that his sentence was in excess of the maximum sentence authorized by law. Specifically, Onken argues the motion court should have reduced his 35–year sentence for second degree murder to 30 years because a change in the range of punishment took effect on October 1, 1984, a date occurring before Onken's conviction became final through appeal.

Onken relies on § 1.160 RSMo and *Hamil v. State*, 778 S.W.2d 247 (Mo.App. 1989). Section 1.160(2) provides "that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or

 

punishment shall be assessed according to the *amendatory* law." Emphasis added. Section 565.021 was amended and became effective October 1, 1984. This section made second degree murder a Class A felony. The maximum sentence allowed for this offense is now 30 years, unless life imprisonment is imposed. Section 558.011.-1(1).

Onken also argues that under *Hamil, supra,* he should receive the benefit of the new law. In *Hamil,* the defendant was convicted of second degree murder, and sentenced to 50 years imprisonment. Hamil's conviction was not final until after the sentencing law was changed. The *Hamil* court, under authority of § 1.160(2), gave Hamil the benefit of the new sentencing law. *Hamil,* 778 S.W.2d at 250.

This court in *Hamil,* however, did not take into account § 565.001.2 which was part of the legislative package covering homicides. This provision states:

The provisions of this chapter shall not govern the construction of procedures for charging, trial, punishment or appellate review of any offense committed before the effective date of this chapter. Such an offense must be construed, punished, charged, tried and reviewed on appeal according to applicable provisions of law existing prior to the effective date of this chapter in the same manner as if this chapter had not been enacted, the provisions of section 1.160, RSMo, notwithstanding.

That portion of the opinion in *Hamil v. State* dealing with resentencing, denominated as headnote [4], located on pages 249–250 is overruled. Under the plain language of § 565.001.2, Onken's argument fails because the 35–year sentence imposed upon him on August 1, 1984, was within the permissible range of punishment set out in § 565.008.2 RSMo 1978, the statute applicable to Onken when he was sentenced. The specific language here controls, and § 1.160 does not apply. *State v. Ewanchen,* 799 S.W.2d 607 (Mo. banc 1990). *State v. Leisure,* 796 S.W.2d 875 (Mo. banc 1990); *Mannon v. State,* 788 S.W.2d 315, 323 (Mo.App.1990), *cf.,*

*Vaughn v. State,* 763 S.W.2d 232 (Mo.App. 1988).

The judgment is affirmed.