Christopher McKENZIE, Petitioner,

v.

Mike KEMNA, Respondent.

No. 91–0038–CV–W–3–P.

United States District Court,
W.D. Missouri, W.D.

Feb. 26, 1992.

Christopher McKenzie, pro se.

Frank A. Jung, Asst. Missouri Atty. Gen., Jefferson City, Mo., for respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner is presently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri pursuant to the sentence and judgment of the Circuit Court of Buchanan County entered on February 24, 1989, Case No. CR 688–171FX. Petitioner

pled guilty to one count of conspiracy to sell a controlled substance pursuant to Mo. Rev.Stat. §§ 564.016 (1986) and 195.020 (1986) and subsequently was sentenced to a term of ten years imprisonment. In his petition for writ of habeas corpus filed *pro se* pursuant to 28 U.S.C. § 2254 (1976), petitioner has raised only one ground for relief: he was improperly sentenced because the statutes pertaining to conspiracy to sell a controlled substance changed while petitioner's case was still pending in the trial court.

Petitioner was charged with conspiracy to sell a controlled substance on June 28, 1988 in violation of Mo.Rev.Stat. § 195.020 (1986). At the time of petitioner's sentencing on February 24, 1989, a violation of § 195.020 was punishable by a term of imprisonment of not more than twenty years pursuant to Mo.Rev.Stat. § 195.200.-1(1). After petitioner was sentenced, the Missouri General Assembly adopted the Comprehensive Drug Control Act of 1989, codified at Mo.Rev.Stat. §§ 195.005 to 195.-425 (1989). Provisions of the act pertinent to this case became effective on August 28, 1989.

The Comprehensive Drug Control Act repealed §§ 195.020 and 195.200. In their place, Mo.Rev.Stat. § 195.202 was adopted, making possession of a controlled substance, except thirty-five grams or less of marijuana, a class C felony. The maximum term of imprisonment for a class C felony is seven years. Mo.Rev.Stat. § 558.011.1(3) (1986). Petitioner contends his cause should be remanded for resentencing because his sentence now exceeds the statutory minimum.

■ Mo.Rev.Stat. § 1.160(2) (1986) provides that a defendant should benefit from an amending statute which reduces the penalty for the crime for which he was convicted. However, Section 1.160(2) is applicable only to cases still pending at the time a reducing statute becomes law. *Hamil v. State,* 778 S.W.2d 247, 250 (Mo. Ct.App.1989) (citing *State v. Reiley,* 476 S.W.2d 473, 474 (Mo.1972)). A decision is not final for purposes of appeal because the lower court decision is not absolutely binding "until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined." *State v. Reiley,* 476 S.W.2d at 474.

Petitioner contends his case was still active when Section 195.202 was adopted on August 28, 1989 for two reasons: first, he had pending in the trial court a Request for Reconsideration of Release pursuant to Mo. Rev.Stat. § 217.775 (1983), or in the alternative a Request to Reduce Sentence or Release pursuant to Mo.Rev.Stat. § 217.-777 (1983), and second, he had up to one year after his judgment to file a late notice of appeal from his conviction in the trial court pursuant to Missouri Supreme Court Rule 30.03. For the reasons stated below, petitioner's contentions are erroneous.

The Missouri Supreme Court in its criminal procedure rules states that:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States ... or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Mo.R.Cr.P.Rule 24.035 (1988). Further, a motion pursuant to Rule 24.035 "shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.-035 shall constitute a complete waiver of any right to proceed under this Rule 24.-035." *Id.* Petitioner was advised at the conclusion of his final sentencing of his right to proceed under this rule. Respondent's Exhibit A, p. 2.

Petitioner contends that his request before the trial court to reconsider release or to reduce his sentence pursuant to Mo.Rev. Stat. §§ 217.775 and 217.777 is sufficient to

preserve his case as "pending." A suit is pending from the time it is instituted until its disposition is final. *State v. Reiley,* 476 S.W.2d at 474 (citing *State v. Huhn,* 346 Mo. 695, 142 S.W.2d 1064, 1067 (1940)).

■ Section 217.777, upon which petitioner's request to the trial court rested, deals with community corrections program alternatives for eligible offenders to establish local sentencing alternatives. The second section upon which petitioner's request to the trial court rested was Section 217.-775, which before it was repealed in 1990 dealt with when probation and parole can and cannot be granted by the court. This Court cannot construe either of these probation and parole sections to delay the disposition of petitioner's case as final, because the exclusive procedure by which a person convicted of a felony on a plea of guilty may challenge his sentence is pursuant to the provisions of Rule 24.035. Mo. R.Cr.P. 24.035 (1988). A written request to the trial court for parole or probation after judgment and sentencing is not an appropriate vehicle to present a post-conviction motion. *See id.* ("This Rule 24.035 provides the *exclusive procedure* by which such person may seek relief in the sentencing court for the claims enumerated") (emphasis added).

Petitioner argues that his claim could not have been filed as a post-conviction motion pursuant to Rule 24.035 because Sections 195.020 and 195.200 had yet to be repealed and Section 195.211 had yet to be adopted. Petitioner's argument simply reinforces the Court's conclusion that disposition of petitioner's case was final when the amended statute was adopted for purposes of applying Section 1.160, RSMo (1986).

■ The Court could construe petitioner's above argument as a declaration of cause and actual prejudice in an attempt to disprove respondent's claim of a procedural bar. Petitioner may not obtain federal habeas corpus relief unless he can show both cause and actual prejudice for his procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Even if peti-

tioner is successful in showing cause by arguing that his claim could not have been filed as a post-conviction motion pursuant to Rule 24.035 because Sections 195.020 and 195.200 had yet to be repealed and Section 195.211 had yet to be adopted, there is no prejudice because petitioner's claim that disposition of his case was not final is meritless.

■ Petitioner's second claim is that disposition of his case was not final when the sentencing statute was amended because he had up to one year after his judgment to file a late notice of appeal from his conviction in the trial court pursuant to Missouri Supreme Court Rule 30.03. Petitioner contends that a judgment is not final for purposes of appeal and cites to *State v. Pena,* 784 S.W.2d 883 (Mo.Ct.App.1990); *Searcy v. State,* 784 S.W.2d 911 (Mo.Ct.App.1990), and *Hamil v. State,* 778 S.W.2d 247 (Mo.Ct. App.1989), in support of this contention. As a preliminary matter, both the *Pena* and *Hamil* cases to which petitioner cites in support of his contention must be distinguished from petitioner's case because convictions for the defendants in both were pursuant to "not guilty" pleas and jury trials, and defendants made timely direct appeals. It was during defendants' direct appeals that the amended statutes administering reduced sentences were adopted. In contrast, petitioner here pled not guilty to the charge and consequently was not eligible for direct appeal. Although the *Searcy* case to which petitioner cites does involve a movant who pled guilty and was not eligible for direct appeal, the defendant was entitled to the benefit of the reduced penalty because, even though the reduced penalty statute became effective after the defendant committed the crime, it was adopted before the state brought any charges against him.

■ Petitioner correctly cites Missouri law when he contends that a judgment is not final when a timely appeal has been filed. *See State v. Reiley,* 476 S.W.2d at 474. An appeal is pending "until the losing party has failed to appeal within the time allowed by law, or having appealed, until the appeal is determined." *Id.* However,

petitioner is mistaken when he construes Missouri Supreme Court Rule 30.03 under his fact situation to have given him the unconditional right for a period of up to one year after his judgment to file a late notice of appeal from his conviction in trial court. Rule 30.03 states:

Where the defendant or the state has the **right of appeal** including appeals from an order in a post-conviction proceeding involving a prior felony conviction, but notice of appeal is not filed with the clerk of the trial court within ten days after the judgment becomes final, the defendant or the state may file a notice of appeal in the trial court if, within twelve months after the judgment becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave.

Mo.R.Cr.P.Rule 30.03 (emphasis added). Petitioner did not have the right of a direct appeal because his conviction and sentence were pursuant a plea of guilty. And, although petitioner had the right to file a post-conviction motion pursuant to Rule 24.035 for ninety days after he was delivered to the custody of the department of corrections, he waived this right by failing to file the motion altogether.

■ After the ninety day time restriction has expired to file a Rule 24.035 post-conviction motion, it is impossible for a post-conviction order to be entered because failure to file the motion within the time provided constitutes a complete waiver to proceed. Therefore, by waiving the right to take advantage of the exclusive post-conviction proceeding by failing to file the Rule 24.035 motion, petitioner consequently waived any right to appeal from an order in a post-conviction proceeding. As a result, petitioner neither had the right of direct appeal nor the right to file a late notice of appeal at the time Mo.Rev.Stat. § 195.202 (1989) was adopted (making possession of a controlled substance a class C felony and therefore subject to a maximum term of imprisonment of seven years pursuant to Mo.Rev.Stat. § 558.011.1(3) (1986)).

Based on the above discussion, this Court holds that disposition of petitioner's case was final when the amended statute was adopted for purposes of applying Section 1.160, RSMo (1986) (providing that a defendant should benefit from an amending statute which reduces the penalty for the crime for which he was convicted if defendant's case is still pending at the time the reducing statute becomes law). Therefore, petitioner does not qualify under Section 1.160(2) to benefit from the amending statute reducing the penalty for the crime for which he was convicted because Section 1.160(2) is applicable only to cases still pending at the time a reducing statute becomes law. *State v. Reiley*, 476 S.W.2d at 474.

■ Petitioner claims his unconstitutional sentence was a direct and proximate result of ineffective assistance of counsel at sentencing because counsel knew or should have known that the there would be an amended statute effective some time in the future which would reduce the penalty for the crime for which petitioner was convicted. Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987), a petitioner must show that his counsel's performance was deficient and that such performance prejudiced his case. Given the fact that the Comprehensive Drug Control Act was not effective until over six months after petitioner's sentencing proceedings, counsel's failure to challenge the sentence was completely appropriate and by no means deficient in any way.

The Eighth Circuit case of *Jones v. Armontrout*, 953 F.2d 404 (1992), sets forth the criteria for effective assistance of counsel in a fact situation which almost precisely parallels petitioner's situation:

In the first place, Jones did have counsel at the time he pleaded guilty and was sentenced. If there had been anything to appeal, counsel would no doubt have appealed. Jones does not claim that there would have been any basis for an appeal, and, in view of the fact that the convictions were based on pleas of

guilty, we cannot think of any basis, either. Jones points out that the bill which ultimately reduced the penalty to seven years was introduced in the Missouri State Senate on January 9, 1989, so a lawyer, if one had been appointed for him, could have found out about the bill, followed its progress, and been ready to file an appropriate motion at the time it became effective. We are unaware of any authority that would impose such a far-ranging obligation on a state. One against whom a criminal prosecution has been filed is entitled to counsel, either retained or appointed. But once the prosecution is complete, there is no requirement, at least none in the federal Constitution, that counsel stay with the defendant, so to speak, in case some later event, not even foreseeable at the time of the conviction, should occur to entitle the defendant to some sort of relief.

On this theory, every person convicted of crime would be assigned counsel by the state simply for the purpose of watching to see if anything potentially favorable, in the form of a new law or otherwise, might happen. We can understand Jones' disappointment that, as things worked out in his case, he had not lawyer standing by to try to take advantage of the new statute at the proper time. We are clear, though, that the absence of this kind of standby counsel does not infringe any federal constitutional right.

*Id.* at 405.

Accordingly, it is ORDERED that:

(1) this petition for writ of habeas corpus is denied for the reasons stated herein; and

(2) this action is dismissed with prejudice.