**STATE of Missouri, Respondent,**

v.

**James D. EDWARDS, Appellant.**

No. 49935.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 24, 1998.

James D. Edwards, Cameron, pro se.

Jeremiah W.(Jay) Nixon, Atty. Gen., Krista D. Baston, Asst. Atty. Gen., Jefferson City, for respondent.

## ON MOTION TO RECALL MANDATE

ROBERT G. DOWD, Jr., Chief Judge.

This is a *pro se* motion to recall the mandate filed by James D. Edwards, who was convicted of second-degree murder, Section 565.002, RSMo 1978, and sentenced to 200 years of imprisonment. His conviction was affirmed on direct appeal in *State v. Edwards*, 712 S.W.2d 412 (Mo.App. E.D.1986). This motion asks the court to recall the mandate affirming his second degree murder conviction because of ineffective assistance of his appellate counsel. Edwards claims his appellate counsel failed to pursue a claim that his sentence exceeded the sentencing court's authority.

Edwards claims he should receive the benefit of amendatory legislation that redefined second-degree murder and reduced its maximum penalty. The crime for which Edwards was convicted occurred on February 23, 1981. However, his trial did not commence until March 4, 1985. He was sentenced on March 26, 1985. At the time Edwards committed the murder, there was no maximum sentence authorized for second-degree murder. On October 1, 1984, an amendment went into effect which made second-degree murder a Class A felony, with a maximum sentence of 30 years or life imprisonment. Section 558.011, RSMo 1994. Edwards argues the trial court could not sentence him to 200 years in 1985, because it was in excess of the law at that time.

Edwards relies upon Section 1.160(2), RSMo 1986. Under that statute, as it existed in 1985, "if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." There are two cases which do imply Edwards would be entitled to relief under this statute: *Hamil v. State*, 778 S.W.2d 247 (Mo.App. W.D.1989), and *Searcy v. State*, 784 S.W.2d 911 (Mo.App. E.D.1990). In both of these cases, the appellate court remanded for resentencing on sec-

ond-degree murder charges to allow the defendant the benefit of a reduction in the maximum sentence.

However, the *Hamil* case was expressly overruled by the Western District in *Onken v. State*, 803 S.W.2d 139 (Mo.App. W.D.1991). The *Onken* court found the *Hamil* court had failed to consider the application of Section 565.001.2, RSMo 1994 (enacted in 1984), which was part of the amendatory law concerning homicides at the time *Hamil* was decided. Under Section 565.001.2, the punishment for homicides committed before the effective date of Chapter 565 shall be governed by the "applicable provisions of law existing prior to the effective date of this chapter in the same manner as if this chapter had not been enacted, the provisions of section 1.160, RSMo, notwithstanding." The effective date of the new Chapter 565 was October 1, 1984. Therefore, because Onken had committed his homicide before October 1, 1984, he could not rely on Section 1.160 to reduce his sentence.

This interpretation by the Western District is further supported by the Missouri Supreme Court's decision in *State v. Leisure*, 796 S.W.2d 875 (Mo. banc 1990). In that case, the Court refused to apply Section 1.160 to reduce Leisure's sentence for manslaughter after a 1986 amendment reduced the penalty for involuntary manslaughter. *Id.* at 881. The Court cited to Section 565.001.2 for its conclusion that for homicides committed prior to October 1, 1984, the Court must look to the law existing prior to that date.

We write this opinion to explicitly overrule our prior decision in *Searcy*, 784 S.W.2d at 911. In that case, we relied solely on the Western District's opinion in *Hamil* to reverse and remand for resentencing so that Searcy could receive the benefit of the October 1, 1984 amendment to the homicide law. *Id.* at 913. As outlined in *Onken*, that reasoning is flawed. Under the plain language of Section 565.001.2, which was part of the same legislative package as the amendment to the second-degree murder statute, the law would explicitly prohibit resentencing to give a defendant the benefit of the amendatory legislation redefining seconddegree murder. Therefore, *Searcy* must be overruled.

In the case at hand, Edwards committed second-degree murder on February 23, 1981, before the enactment of the 1984 changes in the homicide law. Therefore, under Section 565.001, he could be punished according to the law as it existed prior to October 1, 1984. At that time, there was no maximum penalty for second-degree murder. Edwards is not entitled to any benefit from the 1984 amendatory legislation. Therefore, his claim of ineffective assistance of appellate counsel has no merit. Motion to recall the mandate is denied.

KAROHL, J., and CRIST, Sr.J., concur.