**In the Interest of Frank POOL.**

**No. 44130.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 27, 1982.

David Horwitz, Clayton, for appellant.

William R. Seely, Clayton, for respondent.

CLEMENS, Senior Judge.

Coram nobis by penitentiary inmate.

Former St. Louis County Juvenile Court ward Frank K. Pool was certified for trial as an adult. He was transferred to Phelps County, there pled guilty to murder and was sentenced to life in prison.

Now, by a writ of error coram nobis filed in the St. Louis County Juvenile Court Pool seeks to set aside that court's order which had certified him for trial as an adult in Phelps County. The juvenile court denied the writ and Pool has appealed.

 Here, Pool first contends he was not under the continuing jurisdiction of the St. Louis County Juvenile Court; this because that court had placed him under "standby supervision". This contention is faulted by Section 211.041 RSMo. which gives juvenile courts continuing jurisdiction until a ward becomes twenty-one. And, under Section 211.071 RSMo. the original juvenile court has jurisdiction to determine if a child may be prosecuted under the general law. This is true even when as here the juvenile is charged with a law violation in another county. *J. D. H. v. Juvenile Court of St. Louis County,* 508 S.W.2d 497[1] (Mo. banc 1974). We deny petitioner's initial point.

By his secondary point Pool contends in certifying him for trial in Phelps County the St. Louis County Court acted prematurely. This because under Rule 119.07 V.A.M.R. the Court could have amended its order within 30 days. The record does not

show when Pool was transferred from St. Louis County. The point is speculative and without merit.

We find no merit in petitioner's challenge to certification.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.