Robert Dale GALLIMORE, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13207.

Missouri Court of Appeals,
Southern District, Division One.

Oct. 31, 1983.

David Robards, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Following denial of his Rule 27.26[1] motion after an evidentiary hearing, movant appealed.

Movant, then defendant, was charged in the Jasper County Circuit Court with the commission of five separate crimes, i.e., robbery, burglary, two stealings and escape from confinement. Pursuant to a plea bargaining agreement of the parties and accepted by the court, movant pleaded guilty to all charges except for one stealing charge. He was sentenced, as agreed, to 12½ years for robbery, 7 years for burglary, 7 years for stealing and 5 years for escape. As per the agreement, the four sentences were ordered to run concurrently and the state dismissed the second stealing charge and agreed "not to file any additional charges now known to the State."

Via his 27.26 motion and testimony thereon, movant claimed he was denied effective assistance of counsel in the criminal causes because his then lawyer represented to him that if he did not plead guilty, as per the plea bargain for 12½ years, the prosecuting attorney would run all the sentences consecutively but had movant known that the court, rather than the prosecutor, possessed the discretion to run the sentences concurrently or consecutively, he would not have entered the pleas of guilty. At trial movant expanded upon his motion by adding that his lawyer in the criminal matters further advised that if he took the plea bargain he would be out of the penitentiary in three years. Movant admitted to a conviction for felonious stealing which had occurred prior to the crimes concerned in the 27.26 proceeding.

Movant's attorney at the guilty plea proceedings, testified at the hearing on the Rule 27.26 motion. He recounted that he had explained to movant the differences between consecutive and concurrent sentencing and that should movant not take the plea bargain, the prosecutor had indicated he would file the charges involved against movant as a persistent offender and that upon conviction the court would make at least some of the sentences run consecutively. The attorney denied having told movant he would automatically be released on a 12½ year sentence after serving 3 years. Rather, the attorney testified, he told movant the conditional release term on

1. Rule references are to Missouri Rules of    Court, V.A.M.R.

a 12½ year sentence was 3 years so that movant would be entitled to be released conditionally, regardless of whether he made parole, after serving 9½ years.

We have reviewed the legal files which contain, inter alia, the transcripts of the guilty pleas, the transcript and the briefs of the parties. The judgment of the trial court denying movant relief is based upon findings of fact which are not clearly erroneous. The records of movant's guilty pleas refute his present contentions. The credibility of witnesses, including movant, is for the determination of the trial judge. His findings thereon are entitled to deference for he may reject testimony even though no contrary evidence is offered. Rule 27.26(j); *Johnson v. State,* 615 S.W.2d 502, 505[2] (Mo.App.1981); *Hicks v. State,* 544 S.W.2d 79[2] (Mo.App.1976).

No error of law appears and a detailed opinion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b).

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.