**Frank Kevin POOL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13401.

Missouri Court of Appeals,
Southern District,
Division One.

May 22, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied May 30, 1984.

Application to Transfer Denied
June 19, 1984.

Thomas J. Marshall, Public Defender, Moberly, for movant-appellant.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant, then defendant, was charged with killing one Yelland in Phelps County on January 8, 1978. The original charge was "nolled" in November 1978 after which a charge of capital murder was filed. Following and as the result of continued extensive negotiations between movant's counsel and the state after the charge was lodged, an amended information was filed charging movant with murder in the first degree. On February 5, 1979, movant and counsel appeared in the Circuit Court of Phelps County where movant, after first hearing a reading of the amended information, entered a plea of guilty thereto. After a finical examination of movant under oath by both counsel and the court, the transcript of which consumes 19 pages, the plea was accepted and the court imposed punishment "at confinement in the Department of Corrections for life."

Movant's pro se Rule 27.26 motion, consisting of 122 pages, was filed March 26, 1980. Because the motion did not *concisely* state the grounds therefor as required by the form appended to the rule, the trial court sustained the state's motion to dismiss. On appeal, *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982), the court held the dismissal was improper, the judgment of dismissal was reversed and the cause remanded for further proceedings in compliance with the opinion and Rule 27.26. Following reversal counsel for movant filed an amended Rule 27.26 motion on February 8, 1983. Although this motion is penned on a mere 9 pages, paragraph 8 thereof (calling upon the pleader to state "concisely" the alleged grounds for vacating, setting aside or correcting the conviction and sentence) consists of 50 paragraphs and subparagraphs. Before the original Rule 27.26 motion was filed, movant sought a writ of error coram nobis in the St. Louis County Juvenile Court on August 20, 1979, contending, inter alia, that court had erred in certifying him to trial as an adult in Phelps County. The juvenile court denied the writ and its action was affirmed upon appeal. *In Interest of Pool*, 637 S.W.2d 417 (Mo. App.1982). We note the latter because the Rule 27.26 motions also contain claims previously adjudicated in the just cited cause.

On appeal, in matters such as this, there are many precepts governing our review and rulings. First, movant's allegations are not self-proving, but rather, movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Thomas v. State*, 665 S.W.2d 621, 623[1] (Mo. App.1983). Second, "Appellate review shall be limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Third, credibility of the witnesses, including movant, is for the trial court's determination. It may reject testimony even though no contrary evidence is offered [Johnson v. State, 615 S.W.2d 502, 505[2] (Mo.App.1981)] and its findings relative thereto are entitled to def-

erence. *Gallimore v. State*, 660 S.W.2d 458, 459[2] (Mo.App.1983). Fourth, by pleading guilty to the charge of murder in the first degree, movant removed the issue of ineffective assistance of counsel except insofar as such assistance bears upon the voluntariness of his plea. *Coffman v. State*, 638 S.W.2d 805, 806[1] (Mo.App. 1982); *Houston v. State*, 623 S.W.2d 565, 567 (Mo.App.1981).

▨ Eleven witnesses testified at movant's behest in the trial of the Rule 27.26 motion. Seven of these, including movant who was 15 years old at the time of the crime's commission and who had completed only the 7th grade in school, were then prisoners in the custody of the Missouri Department of Corrections serving various terms for having been convicted of or having pleaded guilty to no lesser crimes than kidnapping, robbery and murder. Some of the seven testified that when movant was being mentally evaluated by a psychiatrist at Fulton State Hospital in August 1978, movant was being injected with a prescription substance known as Thorazine which affected his mental processes. How these witnesses knew the registered trademark name of such supposed injections and a patient's reactions thereto, was not explained. But more importantly, none of these witnesses were asked and they did not purport to explain how such injections, given when they were, could have affected the voluntariness of movant's guilty plea entered some five or six months after the injections ceased. Contrary to all of this, however, the psychiatrist in question testified at the Rule 27.26 hearing, after reviewing the hospital records, that movant "was not on any medication at the time I evaluated him."

The foregoing detailed account of one facet of the trial as contested in movant's brief is not to be taken as the beginning of an attempt on our part to consider and dispatch each point relied on separately and in detail. Rather, the itemization and determination of the point on appeal, supra, is only illustrative of the quality of the additional points relied on and proffered for our determination. As previously observed, *In Interest of Pool*, supra, has already adjudicated some of the assertions set forth in the Rule 27.26 motion. Also, the additional claims of movant and fellow inmates that the lawyer representing movant when he pleaded guilty did nothing but urge and insist upon such a plea during the representation are wholly refuted by the testimony of that counsel. Likewise, movant's recountings, and those of his fellow inmates, as to movant's mental capacity and abilities at the time of the plea were overcome by the testimony of the psychiatrist and the hospital records. Each point advanced upon appeal could succeed only if the evidence most favorable to movant is considered and that contrary thereto is wholly ignored. This is something we decline and refuse to do. We have carefully reviewed all matters presented upon appeal and cannot come by a firm belief or feeling that the findings, conclusions and judgment of the trial court were clearly erroneous, especially when due deference is accorded the trial court's determination of the credibility of witnesses. It is our thinking that an extended opinion would have no precedential value. Ergo, the judgment nisi is affirmed in accordance with Rule 84.16(b).

All concur.