**Sam CLAY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14505.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1986.

Jon Van Arkel, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Following an evidentiary hearing, the court nisi denied Sam Clay's Rule 27.26[1] motion to vacate his conviction, after a guilty plea, of receiving stolen property. Clay appeals.

After meticulous questioning by the trial court, Clay pleaded guilty February 14, 1979. Albeit he then received suspended imposition of sentence and was placed on probation for three years, Clay acknowledged the court's admonition that "I still have available to me the full range of punishment up to ten years in the penitentiary and make you serve it." When Clay admitted violating his probation on March 12, 1982, the court assessed his punishment at confinement in the penitentiary for seven

1. Rule references are to Missouri Rules of Court, V.A.M.R.

years but, nevertheless, suspended imposition of sentence and placed Clay back on probation for an additional three years. Clay admitted violating his second probation on February 4, 1983. His probation was then revoked by the court which ordered execution of the previously imposed seven year sentence.

Clay's lone point on appeal: "The hearing court clearly erred when it decided appellant's plea of guilty was knowing and voluntary in that appellant did not knowingly and voluntarily plead guilty to the felony charge of receiving stolen property because appellant did not understand that as a consequence of his plea he could receive a sentence of seven years in the penitentiary and, therefore his plea is invalid."

It is to be observed that Clay by his sole point is not claiming ineffective assistance of counsel or any error by his lawyers. Rather, the only error claimed is that Clay himself "did not understand as a consequence of his plea he could receive a sentence of seven years in the penitentiary." This wholly ignores that before accepting Clay's plea and at the inception of Clay's interrogation by the court on February 14, 1979, the court, after recessing to consult the statutes, questioned Clay as follows:

"COURT: Court will reconvene from recess.... Mr. Clay, I want to advise you that the range of punishment is two to ten years in Missouri Penitentiary or up to a year in jail or by a fine of not more than one thousand dollars or by both a fine and a jail sentence. Do you understand that to be the range of punishment for this offense? CLAY: Yes, sir. COURT: Do you understand what you're charged with? CLAY: Yes, sir. COURT: Knowing the offense with which you're charged, and the range of punishment for the offense, what is your plea, guilty or not guilty? CLAY: Guilty, sir."

When the foregoing recorded dialogue is linked to the March 12, 1982, formalities when the court formally assessed a seven year prison term ere restoring Clay to probation, it appears most incongruent for Clay to now assert it was inconceivable for him to understand the possibility of receiving a seven year sentence.

We have reviewed the legal file, the transcript on appeal and the briefs of the parties. The judgment of the trial court denying Clay relief is predicated upon findings of fact which are not clearly erroneous. The record of Clay's guilty plea and subsequent admissions refute his instant contentions. The credibility of Clay's testimony, the only evidence, is for the determination of the trial judge. His findings are entitled to deference, as he may reject Clay's testimony though none contrary is offered. Rule 27.26(j); *Gallimore v. State*, 660 S.W.2d 458, 459[1, 2] (Mo.App.1983). As no error of law appears and as a detailed opinion would have no precedential value, the judgment below is affirmed pursuant to Rule 84.16(b).

GREENE, P.J., and FLANIGAN, J., concur.