**Carl Wesley DENNY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16300.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 28, 1989.

Betsy A. Clarke, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Carl Wesley Denny appeals from the denial after evidentiary hearing of his Rule 24.035 [1] motion to vacate his conviction and ensuing 14–year prison sentence assessed after his plea of guilty entered July 11, 1980, to a charge of first degree robbery. We affirm.

The only ground preserved for appellate review is movant's contention that the motion court erred in denying his motion to vacate because he was denied effective assistance of trial counsel "in that appellant's counsel induced appellant to plead guilty by falsely assuring him that a prison sentence in two other counties would be run concurrently with his sentence resulting from his plea of guilty in Greene County and therefore appellant's plea of guilty was involuntary because his belief in that assurance was reasonable." This point was timely raised in movant's motion to vacate.

On this issue, the motion court found and concluded as follows:

Movant's last allegation claims his plea was induced by misapprehension and the holding out of false hopes in that Movant's plea bargain was made with the understanding that the sentences in Taney County and Christian County would run concurrent with the Greene County sentence. Movant is not entitled to relief on this allegation for two reasons. First, Movant's witness and prior trial counsel,

---

**1.** Unless indicated otherwise, all references to rules are to Missouri Rules of Court, V.A.M.R.

Dan Conklin, testified at the evidentiary hearing that the Greene County plea agreement was totally independent of other counties' cases. Mr. Conklin stated there was absolutely no agreement with the Greene County Prosecutor that the sentence in Greene County would run concurrent with sentences in other counties. This is borne out by the Guilty Plea Transcript in CR580–62FX2. Second, Mr. Conklin stated at the evidentiary hearing that he explained to Movant that the judge had the final decision on whether to accept or reject the plea agreements. Mr. Conklin stated that the Taney County and Christian County plea agreements were not sure things, but that the judge could reject the plea agreements.

Therefore, Movant was appraised of the facts and the risk involved. In *McMahon v. State,* 569 S.W.2d 753 (Mo. banc 1978) the Court stated "... any test of whether a person in fact, has harbored a particular belief is necessarily subjective ... The subjective test has to be viewed in light of the reasonableness of the claimed belief...." The Guilty Plea Transcript in CR580–62FX2 has no mention of the sentence being dependant upon other cases in any fashion, except a Saline County parole violation (Cf, Plea Transcript, p. 8–9). Based on the testimony offered at the evidentiary hearing and the Court's record, this Court finds the Movant has failed to produce any creditable evidence to support this allegation and therefore is not entitled to relief.

These findings and conclusions are supported by the record and are not clearly erroneous. The fact that movant gave testimony contrary to the motion court's findings is immaterial, as the credibility of the witnesses at an evidentiary hearing rests in the sound discretion of the motion court. *Pool v. State,* 670 S.W.2d 210, 211 (Mo. App.1984). The court evidently chose not to believe Denny's assertions, denied by his

trial counsel, that he was induced to enter his guilty plea because of the false representations by his trial counsel that sentences on the Taney and Christian County charges would run concurrently with the 14–year sentence assessed after the robbery conviction in Greene County, which it had a right to do.

Our review convinces us that trial counsel was not ineffective by reason of any representation made to his client, and that Denny's plea of guilty to the robbery charge was voluntarily made. We find no error.

Judgment affirmed.

FLANIGAN and PREWITT, JJ., concur.

CROW, P.J., recused.