STATE of Missouri, Respondent,

v.

Joseph W. ROBINSON, Appellant.

Joseph W. ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45520, WD 46887.

Missouri Court of Appeals,
Western District.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 1993.

Melinda K. Pendergraph, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Appellant appeals his conviction of two counts of rape by a Boone County jury. He also appeals the denial of his 29.15 post conviction motion. We consolidate them herein.

Appellant was the boyfriend of the victim's mother. The victim V.L. lived with her mother and three siblings, and the appellant also lived with them. The mother and siblings went shopping and left V.L. at home, alone with appellant, although V.L. wanted to go shopping too because she did not want to be left alone with the appellant.

After the mother left the appellant locked up the house, told V.L. to go to the bedroom and undress and threatened to "whup" her with a belt if she refused. Appellant then proceeded to rape her twice. Appellant raises the following points of error 1) the trial court abused its discretion by denying his request for a continuance; 2) the motion court erred in denying appellant's post conviction motion because his trial counsel was ineffective by (a) failing to file a motion to suppress appellant's statements and (b) failing to object to prosecuting attorney's improper remarks in closing argument. In the alternative, appellant alleges plain trial court error because of alleged improper remarks in the state's closing argument; 3) the trial court plainly erred in failing to sua sponte declare a mistrial when the prosecuting attorney elicited that appellant had beaten C.W.'s mother and C.W. on prior occasions and that this did not bear on the issues of the case; 4) the trial court committed plain error by submitting Instruction 4, the reasonable doubt instruction.

In his first point, appellant alleges he should have been granted a continuance after the state withdrew its offer in return for his guilty plea. Appellant alleges that because of this his trial counsel was not prepared for trial and he was therefore denied effective assistance of counsel.

Appellant's motion for a continuance was orally made at a docket call on Monday, September 14, 1991. The case was set # 1 for trial on Thursday, September 17, 1991. The state announced ready and informed the

court that it had made its witnesses available to appellant's trial counsel. The court denied the request for a continuance. The appellant's motion for a continuance did not comply with Rule 24.09. It was not in writing nor was it accompanied by an affidavit in support of the appellant. Rule 24.09 is as follows:

> An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally.

■ Missouri Rules of Court 1993, Rule 24.10 specify the contents of said motion. Further, the state did not consent to this motion being orally made. The reason for this rule is obvious, it permits the trial court to pass on the merits of the request. The failure to comply with rule 24.09 is sufficient reason to deny the request for a continuance. *State v. Diamond,* 647 S.W.2d 806, 808 (Mo. App.1982). Even if the application had been in writing whether or not an application for continuance should be granted is within the trial court's discretion and the trial court's decision, absent a strong showing of abuse will not be disturbed on appeal. *State v. Casey,* 683 S.W.2d 282, 285 (Mo.App.1984). The circumstances herein do not rise to an abuse of discretion.

Appellant's point I is denied.

■ For his point II, appellant alleges the motion court erred in denying his 29.15 motion because his trial counsel was ineffective since he did not object to appellant's statement to police or the state's closing argument. Appellant alleges that he cannot read and that his trial counsel was ineffective for not moving to suppress the statement he gave to the police which was reduced to writing. The motion court's rejection of this uncorroborated allegations was not clearly erroneous. Appellant also alleges he was not properly given his Miranda rights, again without substantiation. The motion court found appellant was advised of his Miranda rights before making any statements and that he executed a written acknowledgement of this fact.

■ The motion court determines the credibility of witnesses and it may reject testimony even if no contrary evidence was offered. *Pool v. State,* 670 S.W.2d 210, 211 (Mo.App.1984). Randy McMillen, a Columbia police officer who investigated this case, stated he had read the appellant his rights from "the Miranda warning card." We must defer to the motion court's determination of credibility of the witnesses. *Perkins v. State,* 750 S.W.2d 594, 596 (Mo.App.1988).

■ By alleging that the motion court was clearly erroneous in its treatment of appellant's uncorroborated facts the movant strains our credulity. It is obvious from the record that appellant's trial counsel was not ineffective in failing to move to suppress appellant's statements. It is not ineffective assistance of counsel if counsel does not make a non-meritorious objection. *Shaw v. State,* 686 S.W.2d 513, 516 (Mo.App.1985); *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989) *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

■ The appellant has the duty to establish 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and 2) that he was prejudiced by this failure. *Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984).

■ A review of the entire record does not leave this court with a definite and firm impression that the trial court erred in denying movant's motion. According to *Brummell v. State,* 770 S.W.2d 379, 380 (Mo.App. 1989) and cited by movant, such a finding is required if we are to hold the motion court erred.

The court did not err by not declaring a mistrial sua sponte as a result of the state's final closing argument. The appellant's trial counsel did not object to the alleged improper argument and did not raise the issue in appellant's new trial motion. Movant alleges the prosecutor improperly expressed his belief in appellant's guilt, implying knowledge on his part of facts not in evidence, citing

*State v. Evans,* 820 S.W.2d 545, 547–48 (Mo. App.1991) as his authority.

The objected to portion of the state's jury closing argument is as follows:

> I guess you would have to, in the defense, their theory, knock her out cold and kill her or something but, folks, that's not what the law is in this state. She had a reasonable belief, having watched him beat her mom before and reason to believe from being beaten by him to believe that when he said it, he meant it. And you know, the only problem Mr. Robinson has with everything everybody said here today is two things now that I think about it. He has a problem with the fact that he says that he was put up to this. And do you really think that? Well, let's be honest. Do you think Debra Lewis is smart enough to think of this? Not in a million years. *Do you think I would have brought the charges if I thought that's what went on? Do you think the cops would have brought this case to us? Of course not. That's an insult.* (Emphasis added).

An argument that suggests "we wouldn't have charged him if we didn't think he was guilty" is not proper, even in retaliation. *State v. Evans,* 820 S.W.2d 545 (Mo. App.1991). The argument of the prosecution also comes dangerously close to suggesting that the prosecution is in possession of undisclosed facts which prove the defendant's guilt. That argument has been held to be prejudicial error, requiring a retrial. *Id.* Here, there is no inference that the prosecution had special knowledge. Instead, this argument was primarily an appeal to the jury to vindicate the judgment of the police and the prosecutor.

Because appellant failed to raise this issue it will be reviewed as "plain error" under Rule 30.20. "Relief should rarely be granted on an assertion of plain error to matters contained in closing argument, as trial strategy looms as an important consideration and such assertions are generally denied without explication." *State v. Hill,* 808 S.W.2d 882, 888 (Mo.App.1991). The evidence herein was so strong and the argument so transparent that it cannot be said manifest injustice occurred.

We must have sound substantial reasons demonstrating a strong clear showing that an injustice or miscarriage of justice will result if relief is not afforded. *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). Appellant testified that the victim encouraged him to have sexual intercourse with her and took off her clothes and lay down on the bed with him. Yet the appellant's attorney offers the jury the argument that the mother and daughter conspired against appellant. We cannot say that the state's remarks raised for the first time in this Rule 29.15 motion demonstrates a strong and convincing showing of injustice or a miscarriage of justice. Similarly, any lack of effectiveness of counsel in failing to object was not such as to deprive defendant of a fair trial.

The movant also complains of the state's comment "reasonable doubt means reasonable truth and all you have to use is your common sense in this situation, folks." The conclusion of this thought omitted by appellant in his brief is, "You've seen the medical evidence, you've heard the testimony. What you have to do now is to go back and take care of it. Find him guilty. Its just the only choice there is." Appellant failed to object to this at the time and also failed to address the remark in his motion for a new trial. The appellant's trial counsel sought no relief from these remarks. It is not proper for counsel to instruct the jury as to what constitutes "reasonable doubt." However, there is a distinction between permissible remarks and discussion concerning reasonable doubt. The prosecutor's comment was a passing reference and was not mentioned thereafter. *State v. Gay,* 629 S.W.2d 470, 474 (Mo.App.1981).

The statement of the prosecuting attorney in the instant case is not a definition of reasonable doubt. It was a discussion without a definition and as such is permissible. *State v. Broomfield,* 637 S.W.2d 711, 714 (Mo.App.1981). *State v. Gay, supra.* The comment did not deny appellant a fair trial. *State v. Sanders,* 539 S.W.2d 458, 464 (Mo. App.1976).

All issues raised by appellant/movant in Point II are denied.

In Point III, appellant again alleges plain trial court error as it pertained to evidence that appellant had beaten C.W.'s mother. Appellant has not preserved this issue for appellate review. At no time during the trial was any objection offered to the testimony complained of nor was it raised in appellant's motion for a new trial. Therefore, a review of this complaint is discretionary with this court. Rule 30.20. *State v. Childers*, 801 S.W.2d 442, 444 (Mo.App.1990). In conducting this review, we grant relief only if the action of the trial court created manifest injustice or a miscarriage of justice. *Id.* V.L. testified that appellant had disciplined her at the request of her mother because she had received a "bad report card." The discipline was administered by appellant striking V.L. with a belt. V.L.'s mother also stated that appellant had struck her. V.L.'s mother testified on cross-examination that she had asked appellant to discipline V.L. because of the report card. On direct examination, appellant testified he disciplined V.L. at V.L.'s mother's request because of her "report card and stuff like that." V.L. testified she was frightened of appellant because he had beaten her before. She testified he had threatened to "whup" her if she did not submit to him and because she know he was capable of hitting her from prior experience and observation, she submitted to his demands. The evidence though quite scant is legally relevant and its probative value outweighs its prejudicial effect. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc) *cert. denied* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993).

Appellant's Point III is denied.

Finally, in Point IV, appellant alleges plain trial court error for submitting Instruction # 4 defining reasonable doubt.

Deja vu this point has been often raised and never sustained by an appellate court. We note that our Supreme Court has repeatedly rejected the appellant's contention that "firmly convinced" lowers the standard of proof required of the state. *State v. Waller*, 816 S.W.2d 212 (Mo. banc 1991). Further, the Supreme Court has held that firmly convinced and beyond a reasonable doubt are synonymous. *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987) *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217.

MAI–CR2d 2.20 informs the jury that 'the defendant is presumed to be innocent' and that 'the state [bears] the burden of proving beyond a reasonable doubt that the defendant is guilty.' Read as a whole, MAI–CR2d 2.20 properly instructs the jurors of their duty in evaluating the evidence and making a determination of guilt or innocence. Appellant's point is denied.

Furthermore, our Supreme Court has held that the "reasonable doubt" jury instruction conforms with the decision of the Supreme Court of the United States in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in that the charge given clearly requires that the jury find the defendant guilty beyond a reasonable doubt and merely explains "reasonable doubt" to the jury. *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991).

Secure in the knowledge we shall see this objection raised many times in the future, the boiler plate language of *Antwine* should suffice in responding to the challenge.

Appellant's Point IV is denied.

The judgments of the trial court and motion court are affirmed.

All concur.