STATE of Missouri, Respondent,

v.

John SNEED, Appellant.

John SNEED, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 46965, WD 48031.

Missouri Court of Appeals,
Western District.

March 8, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1994.

Paul R. Katz, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

BERREY, Presiding Judge.

Appellant appeals his conviction by jury of one count of robbery in the first degree, § 569.020 RSMo 1986, and one count of armed criminal action, § 571.015.1 RSMo 1986. He was sentenced to 25 years on the robbery and 40 years on the armed criminal action to run concurrently. This appeal is consolidated pursuant to Rule 29.15(*l*).

Harvey Williams and Maria Sears were seated in Williams' Mercedes–Benz 500SL that was parked in Sears' driveway at 4900 Woodland, Kansas City, Missouri, in the early hours of November 18, 1991. While at this location, a car pulled in behind Williams' vehicle blocking his car.

Three black males got out of the other car. All three were armed. The appellant approached Williams' vehicle and ordered him out of the car. Williams rolled down his window and asked what was happening. The appellant opened Williams' door and pulled him from the vehicle, firing his gun into the ground.

Appellant demanded money; Williams emptied his pockets showing he had no money. Appellant then took Williams' L.S.U. Pulsar watch valued at $2,000.00, his Hall of Fame ring and his Mercedes. As the appellant entered Williams' car, the dome light came on and a hood covering his face fell away. Both Williams and Sears described the appellant to the police.

The next morning Ms. Sears observed a man across the street from her house, similar in appearance to the robber. Appellant was in a mid size four door vehicle with a strip of white primer near the rear door and quarter panel. The car had primer in a similar location as the robbers' car. Ms. Sears viewed appellant through binoculars and observed he had the features of the man who robbed them the night before. She then summoned the police who kept appellant under surveillance for sometime and subsequently arrested him. Both Williams and Sears identified appellant in a police line up.

Williams' Mercedes was recovered stripped of its wheels, cassette console, compact disc player, and cellular phone. His billfold was also missing from the glove compartment. It had contained $800.00. Subsequently Williams recovered his ring and watch.

Appellant alleges three points of error: 1) the hearing court erred in not sustaining appellant's Rule 29.15 motion because his trial counsel was ineffective for not filing a written motion for continuance after learning of an alibi witness, and police fingerprint report indicating appellant's prints were not found in the Mercedes and was therefore not adequately prepared for trial; 2) the trial court erred by not granting appellant's oral motion for dismissal or in the alternative for a continuance; and 3) the court plainly erred in submitting Instruction # 4 patterned after MAI–CR3rd 302.04, the reasonable doubt instruction.

In his first point on appeal, appellant alleges ineffective assistance of counsel because his trial counsel did not file a written request for a continuance on the day of trial. This because the state failed to timely disclose an alibi witnesses' statement and the state failed to tell him of a fingerprint report from the Kansas City Missouri Police Department. The report stated that appellant's prints were not among those lifted from Williams' Mercedes.

■ Under the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), a movant must prove that his attorney failed to exercise customary skill and diligence of a reasonably competent attorney under similar circumstances and that this deficient performance prejudiced his defense. Further, *Strickland* presumes counsel to have been competent. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ In the instant case, appellant orally requested a continuance on the morning of

trial. As required by Rule 24.09 the motion for a continuance "... shall be made in writing accompanied by the affidavit of the applicant or some other credible person" setting forth facts upon which the motion is based. This was not done and its failure is sufficient to deny the appellant's motion for continuance. The trial court had previously granted appellant a two week continuance. Further, the appellant's counsel failed to make clear what if any prejudice appellant would suffer by proceeding to trial. The fingerprint report was consistent with appellant's alibi defense and was exculpatory. The lateness with which appellant's attorney learned of this report did not prejudice appellant because it was exculpatory in nature.

■ As to the alleged witness, Ms. Henderson, appellant's attorney was aware of her existence and had made efforts to locate her prior to trial. He had investigators look for her and had run "computer checks" in an attempt to locate her. Henderson was subpoenaed by the state and appeared the first day of trial. She was released but left her phone number and address with the court and was instructed to return the next day. She did not return and messages left by appellant's counsel were not answered. A several hour recess was granted and a "body attachment" was issued for her. Despite efforts of appellant and the state she was not located.

At the motion hearing, Ms. Henderson denied receiving a message to return to court. Her failure to appear on appellant's behalf was not because appellant's counsel had neglected to subpoena her. She was under order of the court to return and she failed to appear as ordered. She was under subpoena and having her served with an additional subpoena would not have guaranteed her appearance.

Counsel will not be held ineffective because a witness under subpoena fails to appear as ordered.

Appellant's Point I is denied.

In Point II, appellant contends the trial court erred in overruling his oral motion for dismissal, or in the alternative, a continuance. Point II is essentially a spin off of Point I, where appellant alleges his trial counsel was ineffective for failing to file a written motion for a continuance.

■ Appellant's oral request for a continuance violated Rule 24.09 which states:

An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally.

Appellant's violation of Rule 24.09, by itself, was a sufficient reason to deny the motion for continuance. State v. Robinson, 864 S.W.2d 347, 349[1] (Mo.App.1993). Even if appellant had complied with Rule 24.09, the court would not have been obligated to grant the continuance. The party requesting the continuance bears the burden of showing prejudice. State v. Schaal, 806 S.W.2d 659, 666 (Mo. banc 1991), cert. denied, —— U.S. ——, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). A ruling on a motion for continuance is within the sound discretion of the trial court and a very strong showing is required to prove abuse of that discretion. Id.

■ Appellant's first reason that the case should have been continued was that defense counsel did not get the case until January of 1992. Appellant's trial did not begin until July 13, 1992. The fact that counsel had only six months to prepare for trial is not a sufficient reason to grant a continuance.

■ Appellant's second reason a continuance should have been granted was that there was a delay in defense counsel receiving the depositions of Harvey Williams and Maria Sears. Trial counsel had the depositions at least two weeks prior to trial. We see no sufficient reason why defense counsel's failure to receive copies of the depositions prior to June 29, 1992 caused him to be unprepared for trial on July 13, 1992.

■ Appellant contends a continuance should have been granted because of the State's belated disclosure of documents relating to the individuals who returned the victim's watch and Hall of Fame ring. On June 29, 1992, a two week continuance was grant-

ed to allow defense counsel additional time to investigate the return of the watch and ring. Juan Griffin, who acquired the victim's watch, testified for the defense. Guy Emory, who found the ring was not called to testify at trial despite the fact that defense counsel had been furnished his name and address on July 1, 1992, and could have contacted him prior to trial if he thought it necessary. We believe the two week continuance was sufficient to allow for a complete investigation of the return of Williams' watch and ring.

■■■ In his final two reasons for a continuance, appellant maintains that two days before trial defense counsel learned of an exculpatory statement regarding appellant's alibi from Phyllis Henderson and of the fingerprint report from the victim's vehicle, that did not match the appellant's fingerprints. These issues were discussed in Point I. We note however that the fingerprint examiner, Ron Stein, testified at trial that the fingerprints in the victim's car did not match the appellant's fingerprints. Ms. Henderson was in court the first day of trial. She failed to return on either the second or third day of trial. We cannot see how granting a continuance would have assured her presence on the second or third day of trial. Her failure to appear has nothing to do with whether the court should have granted a continuance.

The trial court did not abuse its discretion in denying appellant's second request for a continuance.

Appellant's Point II is denied.

In Point III, appellant raises the issue of "plain error" because the trial court submitted MAI–CR3d 302.04, the "reasonable doubt" instruction. The submission of the instruction is not error, plain or otherwise. Appellant failed to raise the point at trial or in his motion for a new trial. This argument has been raised numerous times before this court and rejected in each and every instance. *State v. Scott,* 858 S.W.2d 282, 285–86 (Mo.App.1993).

We may reject this claim whether preserved or not without extensive discussion.

*State v. Robinson,* 864 S.W.2d 347, 351 (Mo. App.1993).

Appellant's Point III is denied.

All concur.