Peter THOMPSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19656.

Missouri Court of Appeals,
Southern District,
Division One.

March 8, 1995.

hearing, the trial court made findings of fact and conclusions of law, and entered judgment denying the motion.

■ On appeal, Movant contends that he was entitled to the relief sought because he was "coerced into pleading guilty by his attorneys and by the short time he had in which to make a decision." Movant testified that he was pressured into accepting a plea arrangement by which he would plead guilty and receive twenty years' imprisonment by the conduct of his attorneys and because he only had one day to consider whether to accept the arrangement. Testimony at the motion hearing from Movant's attorneys in the criminal case indicates no such coercion.

■ Review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j). On appeal, the credibility of witnesses is generally a matter for the trial court's determination to which an appellate court gives considerable deference. *Pool v. State,* 670 S.W.2d 210, 211 (Mo.App.1984). The trial judge may reject testimony, even when uncontradicted. *Id.; Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979).

Under the standard of review and giving due deference to the trial court's views on the credibility of witnesses, the judgment must be affirmed. The judgment was based on findings of fact that are not clearly erroneous. The judgment is affirmed in accordance with Rule 84.16(b).

PARRISH and CROW, JJ., concur.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant–Appellant pleaded guilty to second degree murder and was sentenced to twenty years' imprisonment. Thereafter, he filed a motion under Rule 24.035 seeking to vacate the conviction. Following an evidentiary